IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOKYO SUSHI BUFFETT & GRILL, INC., ) <br> A CORPORATION, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FORTUNE GROUP HOLDINGS, LLC, a ) <br> Corporation, also known as FORTUNE ) <br> GROUP HOSPITALITY, LLC ) <br> Defendant. ) | Civil Action No. 13-1457 <br> United States Magistrate Judge <br> Cynthia Reed Eddy |

**MEMORANDUM OPINION**

Before the Court is Plaintiff Tokyo Sushi Buffett & Grill, Inc.'s Motion for Reconsideration [ECF No. 15] of the Court's Order of November 15, 2013, granting Defendant's Motion for Extension of Time to File Response to Plaintiff's Complaint. [ECF No. 9]. For the reasons explained below, the Motion for Reconsideration is **DENIED**.

**I. BACKGROUND**

Tokyo Sushi filed the Complaint in this matter on October 8, 2013. The Complaint was served on Defendant on October 23, 2013. On November 15, 2013, Plaintiff attempted to file a "Praecipe for Entry of Default Judgment Pursuant to Fed.R.C.P. 55." [ECF No. 7]. The Clerk's Office notified Plaintiff's counsel that he had used an improper form and directed him to refile his request in conformity with the Attorney Handbook located on the Court's website. See Clerk's Office Quality Control Message of November 15, 2013.

On November 15, 2013, Defendant filed a *pro se* Motion for Extension of Time to File Response/Reply to Complaint, stating that: "Defendants are in the process of securing local legal counsel to respond to the Complaint." [ECF No. 9]. Plaintiff's attorney refiled his motion and a Default/Default Judgment that same day. [ECF No. 10]. On November 17, 2013 Plaintiff filed a Response opposing Defendant's Motion for Extension of Time. [ECF No. 11]. Plaintiff's counsel admits that he was

1

contacted by Defendant on November 13, 2013, seeking Plaintiff's consent to an extension, but states that he was under no obligation to consent to the additional time. He also postulates that due to Defendant's proximity to the Federal Courthouse, it should not have been difficult for Defendant to locate local counsel. He argues that Plaintiff had not established good cause for the extension. Plaintiff did not allege bad faith on the part of defendant, nor did Plaintiff allege or demonstrate that it was in anyway prejudiced by the request for an extension. On November 18, 2013, the Court, after considering the briefing of the parties, granted the Defendant's request for additional time to respond to the Complaint.

On November 20, 2013, Plaintiff filed a Motion for Reconsideration of the Court's November 18, 2013 Order, arguing that the "Court lacked the judicial discretion to grant the relief sought by the Defendant as the deadline for leading to a civil complaint, as the Rules regarding demand for judgment and entry of default judgment are mandatory." [ECF No. 15]. Plaintiff filed a Brief in Support of its motion on December 2, 2013, in which it concedes that the Court did in fact have judicial discretion to grant Defendant's Request for Extension, insisting however that the Court should not have exercised that discretion. [ECF No. 16]. Plaintiff incorrectly frames the issue as the Court having set aside an entry of default judgment and argues that Defendant had not established good cause for relief from a default judgment. However, a default judgment was never entered and Plaintiff did not refile a corrected Praecipe for Entry of Default Judgment prior to Defendant filing his motion for an extension of time to file an Answer.

Local Counsel for Defendant then entered an appearance and filed a Brief in Opposition to Plaintiff's Motion for Reconsideration, accompanied by the affidavits of Paul Laing, CEO of Defendant, Benjamin Schiff, corporate counsel for Defendant, and an Answer to the Complaint and Counterclaims. [ECF 17]. As summarized in Defendant's motion, the affidavits state:

> Fortune Group, while headquartered in Pittsburgh, primarily conducts its business out of its offices in Columbus, Ohio. (Exh. A, Liang Decl., ¶¶ 5–6). As a result, the principal for Fortune Group, Paul Liang (its President and CEO), is often in Columbus, rather than Pittsburgh. (Id. ¶¶ 3, 5–6). Tokyo Sushi filed its complaint in this matter on October 8, 2013, but served Fortune Group in Pittsburgh on October 23, 2013. (Docket Nos. 1 and 5). On learning of Tokyo Sushi's complaint on or

2

about November 4, 2013, Liang forwarded the complaint a few days later to Fortune Group's corporate counsel (Ben Schiff) who resides in Florida. (Exh. A, ¶¶ 4, 7; Exh. B, Schiff Decl., ¶¶ 3–4). Liang and Schiff discussed how to respond to the complaint and decided that Schiff should retain counsel in Pittsburgh to represent Fortune Group. (Exh. A, ¶ 8; Exh. B, ¶ 5). When he was not able to immediately secure Pittsburgh counsel, Schiff attempted multiple times on November 13, 2013 to contact Tokyo Sushi's counsel (Joseph Bock) in order to obtain an extension to respond to the complaint. (Exh. B, ¶¶ 6–9). Bock was not in his office and would not return Schiff's calls. (Id. ¶¶ 7–10). Schiff spoke with Bock's secretary on two occasions, who said that she had given Schiff's message to Bock during their second conversation. (Id. ¶¶ 7–8). Schiff then faxed a request for an extension of time to Bock that same day, but also received no response. (Id. ¶¶ 9–10). On November 14, 2013, Schiff attempted to file a motion for an extension of time to respond, but ran into technical difficulties with the filing, which he overcame the following day. (Id. ¶¶ 11–13; Docket No. 9). That same day, Tokyo Sushi's counsel attempted to file a motion for entry of default, but failed to properly do so. (See Docket Nos. 6–8). Fortune Group retained the undersigned counsel on November 18, 2013, who then filed a notice of appearance the next day. (Docket No. 12). Tokyo Sushi ultimately never filed a successful motion for default, and no default (i.e., signed order by the clerk) was entered on the docket.

Id.

## II. STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985). A court should grant a motion for reconsideration only "if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice." General Instrument Corp. of Delaware v. Nu–Tek Electronics & Mfg. Inc., 3 F.Supp.2d 602, 606 (E.D.Pa.1998) (citations omitted). "A motion for reconsideration is not properly grounded on a request that the Court simply rethink a decision it has already made." Douris v. Schweiker, 229 F.Supp.2d 391, 408 (E.D.Pa.2002) (citing Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa.1993)).

### III. Discussion

The decision to grant an extension of time to respond to a pleading or to set aside an entry of default judgment is left to the discretion of the Court. *See, e.g.,* Damboch v. United States, 211 Fed.

3

Appx. 105, 109 (3d Cir. 2006); Scholz Design, Inc. v. Costa, 2011 WL 635277, at *3 (W.D. Pa. 2011). Plaintiff now concedes that the Court has judicial discretion in this matter. [ECF 16, p. 2]. Further, Plaintiff has not identified newly available evidence, an intervening change in controlling law or a need to correct a clear error of law. Plaintiff has not alleged any manifest injustice or prejudice. Based on this state of the record alone, the Court would deny Plaintiff's Motion for Reconsideration.

Even though no entry of default was entered in this case, Plaintiff argues that the issue is whether the Defendant made a showing of good cause to set aside an entry of default under Rule 55(c) of the Federal Rules of Civil Procedure. In order to crystalize the Court's ruling, for purposes of this Memorandum Opinion only, the Court will accept this premise. Even if a default judgment had been entered by the Clerk of Court, the outcome would be the same for the following reasons.

"In general, the entry of default and default judgment are disfavored because they prevent a plaintiff's claims from being decided on the merits." Scholtz Design, Inc., 2011 WL 635277, *2. The United States Court of Appeals for the Third Circuit has articulated four factors which the district court must consider when deciding whether to set aside a default judgment: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir.1987) (citations omitted). The Third Circuit has noted that "a standard of 'liberality' rather than 'strictness' should be applied in acting on a motion to set aside a default judgment, and that '(a)ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" Medunic v. Lederer, 533 F.2d 891, 893-94 (3d Cir.1976) (quoting Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245-46 (3d Cir.1951)). Furthermore, "matters involving large sums should not be determined by default judgments if it can reasonably be avoided." Tozer, 189 F.2d at 245; see also A & A Mach. Moving Inc. v. Am. Wrecking Corp. 2004 WL 350179, at *2 (E.D. Pa. 2004).

A. Meritorious Defense

4

The threshold factor is whether the defendant has alleged facts which could constitute a meritorious defense to the plaintiff's cause of action. Resolution Trust Corp. v. Forest Grove, Inc., 33 F.3d 284, 288 (3d Cir.1994). To assess this factor, the court may examine the defendant's answer, or if none was filed, the allegations in its motion to vacate the default judgment or set aside entry of default. Emcasco, 834 F.2d at 73; Kauffman v. Cal Spas, 37 F.Supp.2d 402, 405 n. 1 (E.D.Pa.1999). It is not enough for Defendant to simply deny the factual allegations in Plaintiff's complaint. Rather, Defendant must allege facts which, if established, would enable Defendant to prevail in the action. United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 196 (3d Cir.1984). Defendant asserts that it has a meritorious defense to the Complaint and in fact asserts plausible counter claims.[ECF No. 17-3].

B. Prejudice

The second consideration is whether prejudice would inure to Plaintiff should relief from the default or judgment be granted. Delay in realizing satisfaction on a claim rarely constitutes prejudice sufficient to prevent relief. Feliciano v. Reliant Tooling Co. Ltd., 691 F.2d 653, 656-57 (3d Cir.1982). Nor does the fact that Plaintiff will be required to further litigate the action on the merits constitute prejudice. Choice Hotels Int'l, Inc. v. Pennave Assoc., Inc., 192 F.R.D. 171, 174 (E.D.Pa. 2000). Rather, Plaintiff must establish that relief would hinder its ability to pursue its claims through loss of evidence, increased potential for fraud, or substantial reliance on the default or judgment. Feliciano, 691 F.2d at 657. Furthermore, the court may exercise its power under Rule 60(b) to impose specific terms and conditions upon reopening of a judgment or default in order to cure prejudice to the Plaintiff. Id. at 657.

Plaintiff does not assert that it would suffer any prejudice if Defendants' Motion were granted.

C. Culpable Conduct

The third factor is the culpability of the defendant's conduct. Default is appropriate where the defendant displays flagrant bad faith or callous disregard of the rules. Emcasco, 834 F.2d at 75. Even an unexcused failure to file an answer to a complaint generally does not constitute flagrant bad faith or justify the "extreme" sanction of refusal to vacate entry of default. Id. Where the defendant requests that a default judgment be set aside for mistake or excusable neglect under Rule 60(b), the court must take into

account all relevant circumstances surrounding defendant's conduct. Scott v. United States EPA, 185 F.R.D. 202, 206 (E.D.Pa.1999) (quoting Pioneer Inv. Serv. Co. v. Brunswick Assoc., Ltd., 507 U.S. 380, 395 (1993)). Such circumstances include: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith. Id. Although neither inadvertence nor ignorance or mistakes related to the rules constitute excusable neglect, the court may still vacate default where the evidence does not indicate flagrant bad faith or callous disregard. Brokerage Concepts, Inc. v. Nelson Med. Group, 2000 WL 283849, at *3 (E.D.Pa. 2000). Plaintiff has adduced no evidence that would lead the Court to conclude that Defendant has acted in flagrant bad faith or callous disregard of the Rules of Civil Procedure. In fact, the Defendant acted in good faith attempting to secure Plaintiff's agreement to a brief extension in time to respond to the Complaint. Further, Defendant attempted, albeit unsuccessfully, to file a request with the Court for an extension on the deadline for filing a Response. Defendant's request with the Court was filed very shortly thereafter. Defendant's delay was not caused by any callous disregard of the Rules of Civil Procedure.

D. Alternative Sanctions

Courts issue alternative sanctions in cases where they are troubled by the behavior of the party seeking to set aside the default. American Telecom v. First Nat'l Communications Network, Inc., 2000 WL 714685, at *8 (E.D. Pa 2000). Punitive sanctions, however, are inappropriate absent evidence of bad faith or willful misconduct, or where the defendant sets forth a meritorious defense. Id.; see also Brokerage Concepts, 2000 WL 283849, at *4. The Court finds that Defendants have not acted in bad faith nor have they exhibited willful misconduct. Consequently, the Court finds that the imposition of alternative sanctions is not appropriate in this matter.

Further, considering the lack of prejudice to Plaintiff together with Plaintiff's refusal to respond the Defendant's communication seeking consent to an extension of time, the Court is compelled to comment that such sharp practice should be not condoned or rewarded.

**IV. CONCLUSION**

6

For the reasons stated above, the Plaintiff's Motion for Reconsideration of the Court's Order entered on November 18, 2013 granting the Defendant an Extension of Time to file a Response to the Complaint is **DENIED.**

Further, the Defendant shall file its Answer, which was attached as "Exhibit C" to its Brief in Opposition [ECF No.17], on or before January 13, 2014.

Cynthia Reed Eddy
United States Magistrate Judge

cc: Counsel of Record via CM-ECF